**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ISAAC W. SANDERS,** | : | **No.  3:18-CV-1423** |
| **Plaintiff** | : | |
| | : | **Judge Caputo** |
| **v.** | : | |
| | : | **Electronically Filed Document** |
| **PENNSYLVANIA'S STATE SYSTEM** | : | |
| **OF HIGHER EDUCATION, et al.** | : | *Complaint Filed 07/17/18* |
| **Defendants** | : | |


**<u>BRIEF IN SUPPORT OF DEFENDANTS' MOTION
TO DISMISS PLAINTIFF'S AMENDED
COMPLAINT</u>**


        **Respectfully submitted,**

        **JOSH SHAPIRO**
        **Attorney General**


      **By:**   *s/ Allison L. Deibert*
         **ALLISON L. DEIBERT**
**Office of Attorney General**    **Deputy Attorney General**
**15th Floor, Strawberry Square**   **Attorney ID 309224**
**Harrisburg, PA 17120**
**Phone: (717) 783-6270**       **KELI M. NEARY**
         **Chief Deputy Attorney General**
         **Chief, Civil Litigation Section**

**adeibert@attorneygeneral.gov**

**Date: March 1, 2019**        **Counsel for Defendants**

# TABLE OF CONTENTS

**Page**

INTRODUCTION ..................................................................................................1

FACTS AND PROCEDURAL HISTORY ...............................................................2

QUESTIONS PRESENTED FOR REVIEW ...........................................................4

ARGUMENT ........................................................................................................4

    A. Appropriate Standard Under FRCP 12(b)(6). ...........................................4

    B. All of Plaintiff's Claims are Barred by the Statute of Limitations. ...........6

    C. No Claims Can Proceed Against Defendants Cavanaugh, Brogan, Welsh,
       Borland, and Bruno Because They Have No Personal Involvement. ......11

    D. There is No Cause of Action Under Section 1983 for Making False
       Public Statements. ...................................................................................13

    E. Plaintiff's Third Cause of Action is Not Sustainable Because PASSHE is
       Not a "Person" and *Monell* Does Not Apply. .........................................13

    F. A Claim Under the Civil Rights Act Cannot Proceed.............................15

CONCLUSION ...................................................................................................16

CERTIFICATE OF WORD COUNT

CERTIFICATE OF SERVICE

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aquilino v. Philadelphia Catholic Archdiocese*, 884 A.2d 1269..............................7

*Ashcroft v. Iqbal,* 556 U.S. 662 (2009) ...............................................5, 6

*Baker v. McCollan*, 443 U.S. 137 (1979) ..............................................16

*Barren v. United States*, 839 F.2d 987 (3d Cir.1988)................................8

*Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007)..............................5

*Bradley v. West Chester University of Penn. State System of Higher Educ*, 880 F.3d 643 (3d Cir. 2018) ...............................................14

*Brenner v. Local 514, United Bhd. of Carpenters and Joiners of Am.*, 927 F.2d 1283 (3d Cir.1991) ...............................................9

*Cibula v. Fox*, 570 Fed.Appx. 129 (3d Cir. 2014)...................................9

*Cowell v. Palmer Twp.*, 263 F.3d 286 (3d Cir. 2011).................................. 8, 9, 10

*Delaware State College v. Ricks*, 449 U.S. 250 (1980)...........................8

*DiBella v. Borough of Beachwood*, 407 F.3d 599 (3d Cir. 2005) ..........................16

*Durmer v. O'Carroll*, 991 F.2d 64 (3d Cir. 1993).................................11

*Fowler v. UPMC Shadyside,* 578 F.3d 203 (3d Cir. 2009) .......................5

*Genty v. Resolution Trust Corp.*, 937 F.2d 899 (3d Cir.1991) .................7

*Gonzaga Univ. v. Doe*, 536 U.S. 273 (2002).........................................16

*Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077 (3d Cir. 1976) .............11

*Hishon v. King & Spalding*, 467 U.S. 69 (1984) .......................................5

*Kach v. Hose*, 589 F.3d 626 (3d Cir. 2009) .............................................................8

*Kopec v. Tate*, 361 F.3d 772 (3d Cir. 2004) ..........................................................16

*Kost v. Kozakiewicz*, 1 F.3d 176 (3d Cir. 1993) .....................................................6

*Monell v. Dep't of Social Services,* 436 U.S. 658 (1997) ....................................3, 15

*Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380 (3d Cir. 1994)...........5

*Paratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908 (1981) ..................................13

*Phillips v. County of Allegheny,* 515 F.3d 224 (3d Cir. 2008) .................................6

*Piecknick v. Commonwealth of Pennsylvania*, 36 F.3d 1250 (3d Cir. 1984) ..........13

*Ransom v. Marrazzo*, 848 F.2d 398 (3d Cir. 1988) ..................................................5

*Rizzo v. Goode*, 423 U.S. 362 (1976).......................................................................11

*Rode v. Dellarciprete*, 845 F.2d 1195 (3d Cir. 1988)..............................................11

*Sameric Corp. v. City of Philadelphia*, 142 F.3d 582 (3d Cir. 1998).......................7

*Seredinski v. Clifton Precision Prod. Co., Div., of Litton Sys.,* 776 F.2d 56 (3d Cir. 1985)................................................................................................................7, 16

*Shutt v. Parks-Miller*, No. 16-1575, 2017 WL 1738450 (M.D. Pa. May 4, 2017)..13

*Skehan v. State System of Higher Educ.*, 815 F.2d 244 (3d Cir. 1987) ...................14

*United States v. Kubrick*, 444 U.S. 111 (1979) .........................................................8

*Wallace v. Kato*, 549 U.S. 384 (2007)...................................................................6, 8

*West v. Philadelphia Electric Co.*, 45 F.3d 744 (3d Cir. 1995)................................9

*Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989).............................. 14, 15

**Statutes**

42 Pa. Cons. Stat. § 5524(2) ........................................................................6

42 U.S.C. § 1983 .............................................................................. passim

**Rules**

Fed. R. Civ. P. 12(b)(6)...............................................................................5

**Regulations**

4 Pa. Code § 39.13(b)..................................................................................9

## **INTRODUCTION**

Dr. Isaac Sanders ("Plaintiff") is a former university vice president who was terminated after multiple students accused him of sexual harassment and abuse. Defendants are the Pennsylvania State System of Higher Education ("PASSHE"), a public university system comprising 14 universities, East Stroudsburg University ("ESU" or "the University"), Dr. John Cavanaugh, Frank Brogan, Dr. Robert Dillman (deceased), Dr. Marcia Welsh, Dr. Kenneth Borland, and Joanne Bruno (collectively, "Defendants").

Nearly ten years after his termination for cause, on July 17, 2018, Plaintiff filed a complaint initiating this action. He has now filed a rambling and confusing Amended Complaint, adding individuals and several facts, including a contradictory and inconsistent timeline of events, while doing nothing to overcome the statute of limitations.  Rather, the theme of his claims appear to be that he has suffered continuing ill effects of investigations conducted into sexual misconduct allegations in the late-2000's and the fact that he was not returned to an untenured, at-will position of employment. Despite the significant length of the Amended Complaint, he fails to state a claim that can survive the statute of limitations. Accordingly, the Amended Complaint must be dismissed.

## I.     **FACTS AND PROCEDURAL HISTORY**

In 2007, Plaintiff, Dr. Isaac Sanders was employed as the Vice President for Institutional Advancement at East Stroudsburg University and as the Executive Director for the East Stroudsburg University Foundation. Amended Compl., ¶28. On August 27, 2007, a student filed a formal complaint against Dr. Sanders alleging sexual harassment. Amended Compl., ¶¶45-46. Following an investigation by the Director of Diversity and Campus Mediation, the University concluded there was insufficient evidence to support the allegation. Amended Compl., ¶¶73-74.

In January 2008, staff within Dr. Sanders's department accused him of harassment, and that summer, five additional students came forward to accuse him of sexual harassment and abuse. Amended Compl., ¶¶81and ¶124. PASSHE made the determination that an outside law firm would conduct a new investigation. Amended Compl., ¶128. Dr. Sanders was placed on administrative leave in July 2008. Amended Compl., ¶138.

The investigation into these allegations determined that evidence of sexual harassment existed. Amended Compl., ¶156. The report prepared as a product of the investigation was never publicly disclosed and was received by Defendant Dillman in September 2008. Amended Compl., ¶¶158 and 175. After a pre-disciplinary conference, Dr. Sanders was terminated for cause on October 22, 2008, effective December 21, 2008. Amended Compl., ¶¶180-182.

Six ESU students filed a civil rights action in February 2009, naming, among other defendants, Dr. Sanders. Amended Compl., ¶¶199-200. The Commonwealth denied representation, including indemnification, to Dr. Sanders in connection with this lawsuit. Amended Compl., ¶202. This case concluded with a verdict in favor of Dr. Sanders on October 31, 2014 and judgment was entered in his favor on November 3, 2014. Amended Compl., ¶234; No. 3:09-cv-00525, Doc. 212. The Plaintiffs appealed to the Third Circuit, which was subsequently denied on September 21, 2017. Amended Compl., ¶¶235 and 237.  The Plaintiffs' Writ of Certiorari was denied on February 20, 2018. Amended Compl., ¶¶242 and 246.

In October 2018, Dr. Sanders was linked to clerical abuse. Amended Compl., ¶261. Earlier, in 2014, Dr. Sanders was linked in news reports to Jerry Sandusky. Amended Compl., ¶262. The lawsuit was a "primary focus" of an Inns of Court seminar in March 2016.  Amended Comp., ¶265.

Plaintiff initiated this action in July 2018 by filing a complaint alleging six counts containing six counts: (1) a Fourteenth Amendment loss of reputation claim; (2) a claim for "making false public statements in violation of 42 U.S.C. § 1983;" (3) a *Monell*[1] claim; (4) a claim for "supervisory violations of 42 U.S.C. § 1983;" (5) a claim for intentional infliction of emotional distress; and (6) a claim for "violations of the Civil Rights Act." Compl. at 27-40.  Defendants filed a Motion to

---

[1]     *Monell v. Dep't of Social Services,* 436 U.S. 658 (1997).

3

Dismiss based on several grounds, not the least of which was the severe untimeliness of the Complaint. *See* Doc. 15.

Plaintiff has now filed an Amended Complaint. Doc. 20. The causes of action are largely repeated from the initial Complaint, with the exception of the Third Cause of Action omitting the title that it is a *Monell* claim[2], and the addition of a state law defamation claim.

## II.   <u>QUESTIONS PRESENTED FOR REVIEW</u>

1.   Are all of Plaintiff's claims time barred by statute of limitations?

2.   Do Plaintiff's §1983 claims fail against Defendants Cavanaugh, Brogan, Welsh, Borland, and Bruno because he has not alleged any personal involvement?

3.   Is Plaintiff's False Statements claim under §1983 barred by law?

4.   Does Plaintiff's Third Cause of Action fail because PASSHE is neither a "person" nor a municipality?

5.   Does Plaintiff fail to plead a cognizable claim under the Civil Rights Act?

## III.   ARGUMENT

### A.   Appropriate Standard Under FRCP 12(b)(6).

Dismissal of a complaint for failure to state a claim is appropriate where it is certain that no relief could be granted under any set of facts that could be proved

---

[2]   Despite the omission of the word "*Monell,*" the substance of Plaintiff's allegation remains the same.

consistent with the allegations contained in the complaint.  Fed.R.Civ.P. 12(b)(6);

*Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Ransom v. Marrazzo*, 848 F.2d

398, 401 (3d Cir. 1988).  On considering a motion to dismiss, the district court must

accept all allegations in the complaint as true and draw any reasonable inferences

from such allegations in plaintiff's favor.  *Oshiver v. Levin, Fishbein*, *Sedran &

Berman*, 38 F.3d 1380, 1391 (3d Cir. 1994).  The court may consider not only the

complaint, but also matters of public record, orders, exhibits attached to the

complaint and items appearing in the record of the case.  *Id.*, at 1384 n.2.

Following the Supreme Court's decisions in *Bell Atlantic Corp. v. Twombly,*

550 U.S. 544, 555 (2007), and *Ashcroft v. Iqbal,* 556 U.S. 662 (2009), pleading

standards have shifted from simple notice pleading to a more heightened form of

pleading, requiring a plaintiff to plead more than the simple possibility of relief to

survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6).  *See Fowler v. UPMC

Shadyside,* 578 F.3d 203, 211 (3d Cir. 2009).  Thus, following *Twombly* and *Iqbal,*

when presented with a motion to dismiss for failure to state a claim, a district court

should conduct a two-part analysis.  First, the factual and legal elements of a claim

should be separated.  The district court must accept all of the complaint's well-

pleaded facts as true but may disregard any legal conclusions.  *Iqbal,* 556 U.S. at

679.  Second, a district court must then determine whether the facts alleged in the

complaint are sufficient to show that the plaintiff has a "plausible claim for relief."

*Id.* In other words, a complaint must do more than merely allege the plaintiff's entitlement to relief; a complaint has to "show" such an entitlement with its facts. *Id. See also Phillips v. County of Allegheny,* 515 F.3d 224, 234-35 (3d Cir. 2008). As the Supreme Court instructed in *Iqbal,* "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

### B.   All of Plaintiff's Claims are Barred by the Statute of Limitations.

All of Plaintiff's specious claims are time barred. Four of the seven claims are brought pursuant to 42 U.S.C. §1983. Amended Compl., at 50, 53, 56, 61. The statute of limitations for a §1983 claim is governed by the personal injury tort law of the state where the cause of action arose. W*allace v. Kato*, 549 U.S. 384, 387 (2007). Therefore, the statute of limitations for a §1983 claim arising in Pennsylvania is two years. 42 Pa. Cons.Stat. § 5524(2); *see also Kost v. Kozakiewicz*, 1 F.3d 176, 189–90 (3d Cir. 1993). This two year statute of limitations also governs Sanders' state law claims for intentional infliction of emotional distress and defamation. Amended Compl. at 63 and 65. *See* 42 Pa. Cons. Stat. §5524(2); *see also Aquilino v.*

*Philadelphia Catholic Archdiocese*, 884 A.2d 1269, 1275 (two year statute of limitations for intentional infliction of emotional distress claims).

Finally, Plaintiff brings a nebulous claim pursuant to the Civil Rights Act. Amended Compl., at 65. Although it is unclear what substantive source of rights Plaintiff relies upon in making this claim, the only two reasonable possibilities are 42 U.S.C. §1983 and Title VII. As discussed *supra*, §1983 claims are governed by a two year statute of limitations. As to Title VII, Plaintiff cannot bring a claim without first filing a charge with the EEOC, and Plaintiff has passed the deadline of being able to do so. *See Seredinski v. Clifton Precision Prod. Co., Div., of Litton Sys.,* 776 F.2d 56, 61 (3d Cir. 1985) (A "charge under Title VII must be filed with the EEOC within 300 days of when the alleged unlawful employment practice occurred.").

Against the backdrop of a two year limitation, the injury's accrual date is dictated by federal law. *Genty v. Resolution Trust Corp.*, 937 F.2d 899, 919 (3d Cir.1991). Under federal law, a cause of action accrues, and the statute of limitations begins to run, "when the plaintiff knew or should have known of the injury upon which its action is based." *Sameric Corp. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998) (citation omitted). "The determination of the time at which a claim accrues is an objective inquiry; [courts] ask not what the plaintiff actually knew but what a reasonable person should have known." *Kach v. Hose*, 589 F.3d 626, 634 (3d

Cir. 2009) (citing *Barren v. United States*, 839 F.2d 987, 990 (3d Cir.1988)). "A cause of action accrues at the time of the last event necessary to complete the tort, usually at the time the plaintiff suffers an injury." *Kach*, 589 F.3d at 634 (citing *United States v. Kubrick*, 444 U.S. 111, 120 (1979)). "The cause of action accrues even though the full extent of the injury is not then known or predictable. Were it otherwise, the statute would begin to run only after a plaintiff became satisfied that he had been harmed enough, placing the supposed statute of repose in the sole hands of the party seeking relief." *Wallace*, 549 U.S. at 391 (internal quotation marks and citations omitted).

Here, Plaintiff's injury clearly occurred on December 21, 2008, the effective date of his termination from the University. Amended Compl., ¶180. He had knowledge of the alleged injury on October 22, 2008, the date he was terminated for cause. *Id*. Plaintiff simply cannot, *nearly a decade later*, bring suit challenging that termination. Seemingly recognizing that he is severely late in filing his lawsuit, Plaintiff stitches together a tenuous "continuing violation" based on the actions of third parties.

The focus of the continuing violations doctrine is on affirmative acts of the defendants. *Cowell v. Palmer Twp.*, 263 F.3d 286, 293 (3d Cir. 2011) (emphasis added); s*ee also Delaware State College v. Ricks*, 449 U.S. 250, 258 (1980). Thus, "when a defendant's conduct is part of a continuing practice, an action is timely so

long as the last act evidencing the continuing practice falls within the limitations period." *Brenner v. Local 514, United Bhd. of Carpenters and Joiners of Am*., 927 F.2d 1283, 1295 (3d Cir.1991) (emphasis added).

Significantly, the Third Circuit has "distinguished between 'continual unlawful acts,' which can serve as the basis of a continuing violation, and 'continual ill effects from an original violation,' which cannot." *Cibula v. Fox*, 570 Fed.Appx. 129, 136 (3d Cir. 2014) (*citing Cowell,* 263 F.3d at 293). A plaintiff must establish that the defendant's conduct is more than isolated or sporadic acts. *Id*. (*quoting West v. Philadelphia Electric Co*., 45 F.3d 744, 755 (3d Cir. 1995)).

In this case, aside from broad, legally conclusive statements, Plaintiff has not pled one fact that any Defendant engaged in any act after his termination in 2008. Rather, each and every example of how he was "continually harmed" is the result of actions undertaken by third parties without any associated precipitating action by a Defendant. For example, in an entire section that spans pages, he complains that the Commonwealth denied him representation in the lawsuit filed against him in 2009. Amended Compl., ¶¶202-246.  Plaintiff fails to recognize that as a matter of law, the determination to deny representation and indemnification rests exclusively with the Office of General Counsel, an executive office of the Commonwealth of Pennsylvania. *See* 4 Pa. Code § 39.13(b). The Office of General Counsel's decision

9

to deny Plaintiff Commonwealth representation and indemnification simply cannot be ascribed to the Defendants because the Defendants had no say in the matter.

Moreover, the decision to deny representation was made in 2009. Plaintiff does not, and cannot, plead facts to show that the determination was ever re-evaluated at any point in the litigation. In other words, the decision was final in 2009 and never revisited, either *sua sponte* by the Office of General Counsel or at the request of Plaintiff.  As a result, the accrual date for his "injury" would have been 2009, setting the statute of limitations to 2011. Any claim now based on the denial of representation is well outside the statute of limitations.

Additionally, throughout the Amended Complaint, Plaintiff claims that various things were reported in the press. These assertions are devoid of any facts to show that Defendants were the cause of the news story, whether by authoring an article, or otherwise publishing these stories themselves.  Tellingly, no facts are pled to show that any Defendant made a statement, gave an interview, or otherwise publicly discussed Dr. Sanders. The mere existence of rumors and news stories, without more, are wholly insufficient to establish a continuing violation and are the very definition of "continued ill effects." *See Cowell*, 263 F.3d at 293 (existence of liens and Township's refusal to remove them are not an affirmative act of a continuing violation).

Due to Plaintiff's failure to file a proper civil action within the applicable two-year period, none of Plaintiff's claims may proceed as a matter of law. Therefore, as the statute of limitations for Plaintiffs' claims has expired, Plaintiffs' claims should be dismissed in their entirety with prejudice.

### C.   No Claims Can Proceed Against Defendants Cavanaugh, Brogan, Welsh, Borland, and Bruno Because They Have No Personal Involvement.

In addition to the severe untimeliness of the Amended Complaint, all of the claims against Defendants Cavanaugh, Brogan, Welsh, Borland, and Bruno fail because Plaintiff has not pled any facts to show their personal involvement. Claims under Section 1983 must be based on a defendant's personal involvement in the wrongdoing. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Personal liability under § 1983 cannot be imposed upon a state official based on a theory of *respondeat superior*. *See, e.g.*, *Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077, 1082 (3d Cir. 1976); *Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993). Rather, each defendant must be shown, through the complaint's allegations, to have been personally involved in the events or occurrences upon which Plaintiff's claims are based. *Rode*, 845 F.2d at 1207.

Aside from the "Parties" section in the Amended Complaint, Plaintiff does not name Defendants Cavanaugh, Brogan, Welsh, or Bruno in a *single paragraph*. Indeed, the only Defendant other than Dillman to appear outside of this section is

Defendant Borland wherein it is claimed he attended meetings and spoke to individuals. Amended Compl., ¶¶81, 114-119. Plaintiff does not, nor can he, plead that Defendant Borland's attendance at meetings and speaking to an individual was engaging in wrongdoing.

Moreover, Plaintiff paints in broad brushstrokes when generally attributing conduct to all Defendants at all times, even when those Defendants were not even employed by the University.  For example, in paragraph 86, he states that "actions of the Defendants here sent a loud message…" but is referring to an event that occurred in December 2007 and described in paragraph 85 and 87.[3] By his own admission, Defendant Dillman was the only one employed at the University at that time. See ¶¶12-17. Plaintiff cannot simply lump in all Defendants with the conclusory statement "the conduct of the Defendants" when his own pleading contradicts the factual assertion.

Because he has not, and cannot, specifically plead any conduct on the part of Defendants Cavanaugh, Brogan, Welsh, Borland, and Bruno, he cannot show their personal involvement in his claims.  As such, any Section 1983 claims cannot be sustained and they must be dismissed from suit.

---

[3] Interestingly, the conduct that "sent a loud message" is actually attributed to a third party in the preceding and following paragraphs. Amended Compl., ¶¶85 and 87. Therefore, it is completely unknown what Defendants did to send any message. Such is the common theme of the Amended Complaint.

12

### D.    There is No Cause of Action Under Section 1983 for Making False Public Statements.

Plaintiff's second cause of action, "Making False Public Statements in Violation of 42 U.S.C. § 1983," is also spurious.  Compl., ⁋⁋140-156.  There is no such claim under federal law.  *Shutt v. Parks-Miller*, No. 16-1575, 2017 WL 1738450, at *7 (M.D. Pa. May 4, 2017) ("there is no 'false public statements' cause of action under federal law").  Because there is no such legal theory as "making false public statements" sounding in federal law, this claim must be dismissed.

### E.    Plaintiff's Third Cause of Action is Not Sustainable Because PASSHE is Not a "Person" and *Monell* Does Not Apply.

Plaintiff frames his third cause of action as a "Violation of 42 U.S.C. § 1983 against PASSHE." Amended Compl., at 56.  This cause of action is a direct copy of the third cause of action in the initial complaint, wherein Plaintiff titled it as a *Monell* claim.[4] *Doc. 1*, at 33.  This entire claim fails because PASSHE is not a "person" under 42 U.S.C. § 1983, nor is it a municipality.

In order to establish a Section 1983 claim, it is axiomatic that the Plaintiff must prove, *inter alia*, that the conduct complained of was committed by a "person." *Paratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908 (1981); *Piecknick v. Commonwealth of Pennsylvania*, 36 F.3d 1250, 1256 (3d Cir. 1984).  As established

---

[4] Plaintiff has omitted the title of Monell in the Amended Complaint. Amended Compl., at 56.

by the Supreme Court of the United States, "…neither a state nor its officials acting in their official capacities are 'persons' under 42 U.S.C. §1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

In this case, the Plaintiff purports to state a claim under Section 1983 against PASSHE.  However, as a matter of law, PASSHE is a branch of the Commonwealth. In 1987, the Third Circuit found that PASSHE, and its universities, were "effectively, a state agency and therefore entitled to the protection of the eleventh amendment in federal courts." *Skehan v. State System of Higher Educ*., 815 F.2d 244, 249 (3d Cir. 1987).  Recently, the Third Circuit found "[a]fter weighing and balancing the qualitative strength of each factor in the context of the circumstances presented, [ ] that [PASSHE and its universities] are entitled to Eleventh Amendment immunity from [plaintiff] claims in federal court." *Bradley v. West Chester University of Penn. State System of Higher Educ*, 880 F.3d 643, 660 (3d Cir. 2018). In so holding, the Third Circuit reaffirms that PASSHE is an arm of the State, and as a result, it is not a "person" for purposes of Section 1983.  Accordingly, this count cannot be lawfully maintained and it must be dismissed.

Even if this cause of action could proceed against PASSHE, it would still fail because despite missing its label, Plaintiff attempts to proceed on a *Monell* claim. Because PASSHE is not a municipality, this claim additionally fails.

In *Monell*, the court found that a municipality was a "person" for purposes of liability under Section 1983. *Monell*, 436 U.S. at 663. The holding, however, was specifically "*limited to local government units* which are not considered part of the State for Eleventh Amendment purposes." *Id.* at 690, n. 54. Further, in *Will v. Michigan Dept. of State Police*, *supra*, the Supreme Court of the United States noted that *Monell* did not alter the long-held principle that "neither a State, nor its officials acting in their official capacities are 'persons' under § 1983." *Will*, 491 U.S. at 71. In so holding, the Supreme Court reaffirmed this well-settled principle.

In this case, PASSHE is clearly not a local government unit, such as a municipality. Rather, PASSHE is an arm of the State. As such, Sanders' attempt to impose liability under *Monell* fails and this count must be dismissed.

## F.    A Claim Under the Civil Rights Act Cannot Proceed.

Plaintiff's seventh and final claim references a "Violation of the Civil Rights Act." Amended Compl., p. 65. It is wholly unclear from this vague and confusing claim which of the eleven titles Sanders attempts to implicate. The mere citation of "the Civil Rights Act" is meaningless in this context and renders Defendants unable to defend against any allegation.

To the extent this attempt is made under 42 U.S.C. § 1983, "[t]itle 42 U.S.C. § 1983 is not a source of substantive rights but a vehicle for vindicating rights conferred by the U.S. Constitution or by federal statute." *DiBella v. Borough of*

*Beachwood*, 407 F.3d 599, 601 (3d Cir. 2005) (citing *Baker v. McCollan*, 443 U.S. 137, 145 n. 3 (1979)).  *See also Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002); *Kopec v. Tate*, 361 F.3d 772, 775-76 (3d Cir. 2004).  Therefore, citation to the Civil Rights Act does not provide a second bite at the apple.  Further, as outlined *supra*, any claim brought pursuant to Section 1983 is time-barred and the claim must be dismissed.

To the extent Sanders attempts to bring a claim under Title VII, he is similarly time-barred, as discussed *supra*.  Furthermore, there are no well-pleaded facts to show Sanders ever filed a complaint to the Equal Employment Opportunity Commission. He is well past his time to do so now.  *See Seredinski v. Clifton Precision Prod. Co., Div., of Litton Sys.*, 776 F.2d 56, 61 (3d Cir. 1985) (A "charge under Title VII must be filed with the EEOC within 300 days of when the alleged unlawful employment practice occurred."). As a result, this claim must be dismissed.

## CONCLUSION

For the foregoing reason, Plaintiff's Amended Complaint, alleging violations of his rights based on action taken a decade ago, must be dismissed, and judgment entered in favor of Defendant.

**Respectfully submitted,**

**JOSH SHAPIRO**
**Attorney General**

**By:**   *s/ Allison L. Deibert*
_____

**ALLISON L. DEIBERT**
**Deputy Attorney General**
**Attorney ID 309224**

**Office of Attorney General**
**15ᵗʰ Floor, Strawberry Square**
**Harrisburg, PA 17120**
**Phone: (717) 783-6270**

**KELI M. NEARY**
**Chief Deputy Attorney General**
**Chief, Civil Litigation Section**

**adeibert@attorneygeneral.gov**

**Date: March 1, 2019**            **Counsel for Defendants**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ISAAC W. SANDERS,** | : | **No.  3:18-CV-1423** |
| **Plaintiff** : | | |
| | : | **Judge Caputo** |
| **v.** | : | |
| | : | **Electronically Filed Document** |
| **PENNSYLVANIA'S STATE** | : | |
| **SYSTEM OF HIGHER** | : | *Complaint Filed 07/17/18* |
| **EDUCATION, et al.** | | |
| **Defendants** | : | |

## <u>CERTIFICATE OF WORD COUNT</u>

I, Allison L. Deibert, Deputy Attorney General, hereby certify that the Defendants' Brief in Support of Their Motion to Dismiss filed on March 1, 2019, contains 3,697 words.  In making this certificate, I have relied on the word count of the word-processing system used to prepare the brief.


 *s/ Allison L. Deibert*
**ALLISON L. DEIBERT**
Deputy Attorney General

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ISAAC W. SANDERS,** | : | **No.  3:18-CV-1423** |
| **Plaintiff** | : | |
| | : | **Judge Caputo** |
| **v.** | : | |
| | : | **Electronically Filed Document** |
| **PENNSYLVANIA'S STATE** | : | |
| **SYSTEM OF HIGHER** | : | *Complaint Filed 07/17/18* |
| **EDUCATION, et al.** | | |
| **Defendants** | : | |

## CERTIFICATE OF SERVICE

I, Allison L. Deibert, Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on March 1, 2019, I caused to be served a true and correct copy of the foregoing document titled Brief in Support of Defendant's Motion to Dismiss Plaintiff's Amended Complaint to the following:

**VIA ELECTRONIC FILING**

**Harry T. Coleman, Esquire**
**Law Office of Harry Coleman**
**41 North Main Street, Suite 316**
**Carbondale, PA  18407**
harry@harrycolemanlaw.com
*Counsel for Plaintiff*

　*s/ Allison L. Deibert*　
**ALLISON L. DEIBERT**
Deputy Attorney General