**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ISAAC W. SANDERS,** | : | **No.  3:18-CV-1423** |
| **Plaintiff** | : | |
| | : | **Judge Caputo** |
| **v.** | : | |
| | : | **Electronically Filed Document** |
| **PENNSYLVANIA'S STATE SYSTEM** | : | |
| **OF HIGHER EDUCATION,** | : | *Complaint Filed 07/17/18* |
| **Defendants** | : | |

## DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS THE AMENDED COMPLAINT

Defendants East Stroudsburg University, Pennsylvania State System of Higher Education ("PASSHE"), Cavanaugh, Brogan, Dillman, Welsh, Borland, and Bruno, by their attorneys moved for dismissal of the Amended Complaint pursuant to Fed. R. Civ. P. 12(b). Plaintiff Isaac Sanders ("Sanders") has filed a Brief in Opposition. In that brief, Sanders concedes to the dismissal of Defendants Cavanaugh, Brogan, Welsh, and Bruno. He additionally concedes dismissal of the Second, Third, and Fourth Causes of Action in his Amended Complaint. Defendants East Stroudsburg University, PASSHE, Dillman, and Borland now file this Reply Brief in support of their motion to dismiss.

## I.    The Continuing Violations Doctrine is Not Applicable.

In his Brief in Opposition, Sanders argues that his claims are not time barred because the continuing violations doctrine extends the statute of limitations. This

argument ignores that the continuing violations doctrine is not available because the remaining Defendants did not perform any act within the statute of limitations time period. Further, Sanders was fully aware of his injury in 2009. No amount of discovery will overcome this failing and therefore, dismissal is appropriate.

### A.   Defendant Dillman and Defendant Borland Could Not Have Acted Within the Statute of Limitations.

In his brief, Sanders acknowledges that for the continuing violations doctrine to apply, separate and repeated acts by the Defendants are required. Doc. 30, p. 13. However, he fails to recognize that these repeated acts toll the statute of limitations "so long as the *last act* evidencing the continuing practice falls within the limitations period." *Brenner v. Local 514, United Bhd. of Carpenters and Joiners of Am.*, 927 F.2d 1283, 1295 (3d Cir.1991) (emphasis added). In other words, he is required to show that *one of the remaining Defendants* acted after July 2016.

Defendant Dillman retired in 2012 and passed away in 2014. *Amended Compl.*, ¶14. Therefore, he could not have acted within the relevant time period. Similarly, Defendant Borland left East Stroudsburg University in 2009. *Amended Compl.*, ¶16. Any acts while employed with East Stroudsburg University would not have been performed within the applicable time frame. Conversely, any acts after 2009 would not have been made while Defendant Borland was a state actor. Therefore, any acts during the appropriate time frame, or after July 2016, cannot

serve as the basis of a Section 1983 claim. *See* 42 U.S.C. § 1983; *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009). Consequently, neither remaining individual Defendant could have made a public statement that would cure Plaintiff's statute of limitations deficiency.[1]

### B.      Acts of Third Parties Do Not Establish a Continuing Violation.

Because his Amended Complaint wholly fails to name an act of a named Defendant anywhere near the appropriate time frame, Sanders attempts to establish a continuing violation by focusing on the acts of third parties. This is insufficient to toll the statute of limitations. *See Cowell v. Palmer Twp.*, 263 F.3d 286, 293 (3d Cir. 2011); *Brenner*, 927 F.2d at 1295. In his brief, Sanders specifically focuses his attention on two third party acts: a statement made by the Office of Attorney General ("OAG") in 2018 concerning a motion for costs (Doc. 30, p. 13) and the denial of representation in 2009 by the Office of General Counsel ("OGC") (Doc. 30, p. 18). Neither of these acts can serve as the basis for a continuing violation.

First, a statement or decision made by the OAG cannot be ascribed to any Defendant. This is simply because OAG is an entirely separate agency, over which

---

[1] Sanders brought the Fourteenth Amendment claim against East Stroudsburg and PASSHE as well. As arms of the state, however, they are not "persons" for the purposes of a Section 1983 action. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, the Fourteenth Amendment claim cannot proceed against them and as a matter of law, no proper defendant remains.

the Defendants had no control. Clearly, a statement or decision by a distinct entity is the very definition of a third party act. Turning to the denial of representation, even if that decision had been made in consultation with PASSHE, PASSHE did not have the final say. Sanders concedes as much when he cites to the Pennsylvania Code, stating "OGC will make *its determination*…" Doc. 30, p. 19 (quoting 4 Pa. Code § 39.13) (emphasis added). Therefore, neither of these actions can serve as the basis for a continuing violation. *See Cowell* and *Brenner*, *supra*.

## C.      Sanders Was Aware of His Injury in 2009.

Regardless of whether OGC's denial can be attributed to PASSHE, consultation would have been given when the denial occurred in 2009. Therefore, Sanders was unmistakably aware of his injury the moment he learned that he was denied representation in 2009. The mere fact that litigation was on-going does not suddenly render the injury fresh each day. Sanders cites no case law in support of this premise because to subscribe to that theory would turn the statute of limitations doctrine on its ear. The Supreme Court already recognized this absurdity in *Wallace v. Kato*, 549 U.S. 384 (2007), when it held that the cause of action accrues even if the full extent of the injury is not known because otherwise a plaintiff could hold the statute of limitations hostage until he were "satisfied that he had been harmed enough." *Id*. at 391. In other words, Sanders knew of his injury in

2009 when he was denied representation and he cannot delay filing a claim merely because the denial continued.

## II.      Dismissal is Appropriate.

Sanders additionally argues that dismissal at this stage is inappropriate and appears to labor under the assumption that discovery will solve his statute of limitations issue. He believes he will find the information he needs to prove a continuing violation for a "stigma plus" claim. Doc. 30, p. 14. In reality, discovery would be futile. In his brief, Sanders correctly notes "to satisfy the stigma prong of the test, it must be alleged that the purportedly stigmatizing statement(s) (1) *were made publicly*, and (2) were false." Doc. 30, p. 24 (quoting *Hill v. Borough of Kutztown*, 455 F.3d 225, 236 (3d Cir. 2006)) (emphasis added). Simply put, discovery is not required to find a public statement.[2]

Additionally, Sanders' discovery would have to encompass public statements that would fall within the appropriate statute of limitations, or from July 2016 forward. As briefed above, no remaining individual Defendant could have made a public statement within the applicable time period and East Stroudsburg

---

[2] To the extent Sanders desires discovery to determine whether Defendants were consulted by OGC when he was denied counsel, such discovery is needless. Aside from it occurring ten years ago, consultation would not have been a public statement.

and PASSHE are not "persons" for the purposes of a 1983 claim. Therefore, discovery would be futile.

Finally, Sanders' reliance on *Schmidt v. Skolas*, 770 F.3d 241 (3d Cir. 2014), to attempt to avoid dismissal is misplaced. *Schmidt* concerned a shareholder's ability to exercise due diligence in finding an injury in order for the statute of limitations to begin; however, the complaint was not clear regarding whether he could have known key facts that would have made his injury fully-realized. The Third Circuit, therefore, found that a motion to dismiss was not appropriate. Here, Sanders knew he was terminated in 2008 and denied representation in 2009. Accordingly, his injury was complete and fully realized in 2009. The Amended Complaint, on its face, does not state a plausible cause of action. It was filed nearly ten years late which no amount of discovery can remedy. As a result, dismissal is appropriate. *See Hickox v. County of Blair*, 591 F.App'x 107, 109 n.1 (3d Cir. 2014).

## CONCLUSION

For the foregoing reasons, and the reasons set forth in Defendants Brief in Support of their Motion to Dismiss, Defendants' motion should be granted, and the Complaint dismissed with prejudice.

**Respectfully submitted,**

**JOSH SHAPIRO**

**Attorney General**

**By:**   *s/ Allison L. Deibert*

                    **ALLISON L.DEIBERT**
**Office of Attorney General**      **Deputy Attorney General**
**15th Floor, Strawberry Square**   **Attorney ID 309224**
**Harrisburg, PA 17120**
**Phone: (717) 705-2532**          **KELI M. NEARY**
                    **Chief, Civil Litigation Section**
**adeibert@attorneygeneral.gov**

**Date:  April 12, 2019**          **Counsel for Defendants**

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ISAAC W. SANDERS,** | : | **No.  3:18-CV-1423** |
| **Plaintiff** | : | |
| | : | **Judge Caputo** |
| **v.** | : | |
| | : | **Electronically Filed Document** |
| **PENNSYLVANIA'S STATE** | : | |
| **SYSTEM OF HIGHER** | : | *Complaint Filed 07/17/18* |
| **EDUCATION,** | | |
| **Defendants** | : | |

## CERTIFICATE OF SERVICE

I, Allison L. Deibert, Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on April 12, 2019, I caused to be served a true and correct copy of the foregoing document titled Defendants' Reply Brief in Support of Their Motion to Dismiss the Amended Complaint to the following:

**VIA ELECTRONIC FILING**

**Harry T. Coleman, Esquire**
**Law Office of Harry Coleman**
**41 North Main Street, Suite 316**
**Carbondale, PA  18407**
**harry@harrycolemanlaw.com**
*Counsel for Plaintiff*

*s/ Allison L. Deibert*
**ALLISON L. DEIBERT**
Deputy Attorney General